# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN



GERALD C. MANN
ATTORNEY GENERAL

Honorable Harvey J. Shell, Chairman
Game and Fisheries Committee
House of Representatives
Austin, Texas

Dear Sir:                    Opinion No. O-5290
                    Re: Should the exemptions set forth
                        in House Bill 1000, Acts of the
                        46th Legislature, be given ef-
                        fect, and related questions?

        Your recent request for an opinion of this depart-
ment on the questions as are herein stated has been received.

        We quote from your letter as follows:

        "The Committee on Game and Fisheries of the
House of Representatives in the 47th Legislature
has instructed the undersigned Chairman of such
Committee to request your opinion in reference to
certain provisions of House Bill No. 1000, Acts
of the 46th Legislature, Regular Session.

        "Section 2 of House Bill No. 1000 provided
for the purchase of a license by all persons
hunting in certain counties named in the Act and
stipulated that such license should not be re-
quired of any person under 17 years of age or of
any person hunting on land which he owns or upon
which he resides and further that the holder of
a resident or non-resident license purchased in
any other county in Texas should be entitled to
hunt in the counties named in said Act without
purchasing a further license.

        "Section 3 of House Bill No. 1000 provided
for the purchase of a resident fishing license
by any person desiring to fish in counties named

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

in said Act and stipulating that such license should not be required of any person under 17 years of age or of any person fishing on the lands which he owns or upon which he resides, or of any person who holds an Artificial Lure License or a Commercial Fisherman's License. The provisions of Section 3 are stated not to apply to the Colorado River nor to Inks and Buchanan Lakes.

"Regardless of the exceptions mentioned in Section 2 and 3 of the Act, certain enforcement officers in one or more counties mentioned have required all of the residents of such counties to procure a hunting license if they desire to hunt in such county and a fishing license if they desire to fish in said counties without regard to any of the exceptions mentioned.

"At your earliest convenience, I will appreciate having you advise whether or not, in your opinion, the exemptions in said Act above quoted should be given effect. In other words, I wish to have your opinion as to whether or not a person living in any of the counties named in this Act can be required to purchase the license described in Section 2, in order to hunt upon their own lands or upon lands upon which they reside and also whether or not it will be necessary for such persons to purchase the license provided for in Section 3, in order to fish upon lands owned by such persons or upon which he resides. In order for the ruling to be complete, I will also appreciate having your advise whether or not a person who has purchased a resident hunting license or a non-resident hunting license in any county of Texas named in the Act can be thereafter required to purchase the license described in Section 2, in order to hunt in any of the counties named in the Act; and whether or not a person who holds an Artificial Lure or a Commercial Fisherman's license can thereafter be required to purchase a resident fishing license described in Section 3, in order to fish in any of the counties named in the Act."

Sections 2 and 3 of House Bill 1000, Acts of the 46th Legislature, read as follows:

"Sec. 2. It shall be unlawful for any resident citizen of this State to hunt in the counties named in Section 1 of this Act without first having procured from the Game, Fish and Oyster Commission or one of its authorized agents, a resident hunting license for which he shall pay the sum of Two Dollars ($2), Fifteen Cents (15¢) of which shall be retained by the officer issuing such license as his fee for collecting same, and which license shall be valid until August 31st following the date of issuance of such license, provided that such license shall not be required of any person under seventeen (17) years of age or of any person hunting on land which he owns or upon which he resides. Provided further, that any person owning a resident or a non-resident hunting license purchased in any county in Texas shall be entitled to hunt in any county in Texas and shall not be required to purchase any other license because of the provisions of this Act.

"Sec. 3. It shall be unlawful for any resident citizen of this State to catch or attempt to catch any fish in any county named in Section 1 of this Act without first procuring a resident fishing license from the Game, Fish and Oyster Commission or from one of its authorized agents, for which he shall pay the sum of Fifty-five Cents (55¢), Five Cents (5¢) of which shall be retained by the officer issuing such license as his fee for collecting, provided that such resident fishing license shall not be required of any person under seventeen (17) years of age or of any person fishing in the county of his residence on lands which he owns or upon which he resides or of any person who holds an artificial lure license or a commercial fisherman's license. The provisions of this section shall not extend to nor include the waters of the Colorado River, nor of Inks Lake, nor of Buchanan Lake."

Sections 5, 5a and 5b of the above mentioned Act read as follows:

"Sec. 5. Any resident citizen of this State who hunts or attempts to hunt or who fishes or attempts to catch fish without first procuring the license required of him by the provisions of this Act, or who fails or refuses on demand by any officer to show such officer the license required of him by this Act, shall be deemed guilty of a misdemeanor and, upon conviction, shall be fined in a sum not less than Ten Dollars ($10) nor more than Fifty Dollars ($50), and shall automatically forfeit any license issued to him under the provisions of this Act, and any of the privileges given thereunder for a period of one year following date of conviction.

"Sec. 5a. No person shall be allowed to kill or take, in any of the above-named counties, more than two (2) wild turkey gobblers during the open season, as provided by law, of any year, and each gobbler killed by any one person, above the limit herein prescribed, shall be a separate offense.

"Sec. 5b. Any person violating any provision of Section 5a of this Act shall be deemed guilty of a misdemeanor and upon conviction shall be fined in any sum not less than Ten Dollars ($10) nor more than Fifty Dollars ($50), and shall automatically forfeit any license issued to him under the provisions of this Act for a period of one year following date of final conviction."

It will be noted that Section 5, quoted above, specifically provides that such license shall not be required of any person under 17 years of age or of any person hunting on land which he owns or upon which he resides. Also, it provides that any person owning a resident or non-resident hunting license purchased in any county in Texas shall be entitled to hunt in any county in Texas and shall not be required to purchase any other license because of the provisions of the Act.

It is to be noted also that Section 3, quoted above, specifically provides that such resident fishing license shall not be required of any person under 17 years of age or of any person fishing in the county of his residence on lands which he owns or upon which he resides, or of any person who holds an artificial lure license or a commercial fisherman's license. The provisions of Section 3 do not extend to nor include the waters of the Colorado River, nor Inks Lake nor Buchanan Lake.

In view of the specific terms of the above quoted Act, you are respectfully advised that it is the opinion of this department that the exceptions set forth in said Act, must be given effect. A person living in any of the counties named in the Act cannot be required to purchase the license required by Section 2, in order to hunt upon his own land or upon land upon which he resides. A person who has purchased a resident hunting license or a non-resident hunting license in any county of Texas cannot be thereafter required to purchase a license required by Section 2 in order to hunt in any of the counties named in the Act, nor will any person under 17 years of age be required to purchase the license required by Section 2 in order to hunt in any of the counties named in the Act.

A person living in any of the counties named in the Act cannot be required to purchase a license required by Section 3, in order to fish upon land owned by such person or upon which he resides, or in the Colorado River, Inks Lake or Buchanan Lake. A person who holds an artificial lure or commercial fisherman's license cannot thereafter be required to purchase a resident fishing license required by Section 3 in order to fish in any of the counties named in the same or in the Colorado River, Inks Lake or Buchanan Lake, nor can any person under 17 years of age be required to purchase a resident fishing license required by Section 3 in order to fish in any of the counties named.

Trusting that the foregoing fully answers your inquiry, we are

Yours very truly

APPROVED APR 2, 1941

ATTORNEY GENERAL OF TEXAS

ATTORNEY GENERAL OF TEXAS

By

Ardell Williams
Assistant

APPROVE
OPINION
COMMITTE
BY

AW:OO